**UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS**

| | | |
|---|---|---|
| BRANDON BRANTLEY, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | |
| | ) | Case No: 1:18-cv-04488 |
| EGS FINANCIAL CARE, INC., GC | ) | |
| SERVICES, L.P. AND FIRST CONTACT | ) | |
| INC., | ) | |
| | ) | |
| Defendants. | ) | |

**ANSWER TO COMPLAINT**

Defendant, First Contact LLC ("Defendant"), incorrectly named as First Contact, Inc., by its counsel and in response to Plaintiff's Complaint states as follows:

**NATURE OF THE ACTION**

1.     Plaintiff brings this action against Defendants seeking redress for violations of the Telephone Consumer Protection Act ("TCPA") pursuant to 47 U.S.C. §227 and violations of the Fair Debt Collection Practices Act ("FDCPA") pursuant to 15 U.S.C. §1692.

**ANSWER:**     Defendant admits that Plaintiff brought this action for alleged violations of

the TCPA and FDCPA. Defendant denies it violated the TCPA or FDCPA, and denies that

Plaintiff suffered any damages as a result of its conduct.

**JURISDICTION AND VENUE**

2.     This action arises under and is brought pursuant to the TCPA and FDCPA. Subject matter jurisdiction is conferred upon this Court by 28 U.S.C. §§1331 and 1337, as the action arises under the laws of the United States.

**ANSWER:**     Defendant admits the that this Court has subject matter jurisdiction under 15

U.S.C §1692, 47 U.S.C §227, 28 U.S.C. §§1331 and 1337, as the action arises under the laws

of the United States.

3.      Venue is proper in this Court pursuant to 28 U.S.C. §1391 as Defendants conduct business in the Northern District of Illinois and a substantial portion of the events or omissions giving rise to the claims occurred within the Northern District of Illinois.

**ANSWER:**      Defendant admits that it conducts business with residents in the Northern

District of Illinois. Although Defendant does not contest venue, it lacks knowledge or

information sufficient to form a belief as to the truth of the remaining allegations contained

in this paragraph and, on that basis, denies these allegations.

## PARTIES

4.      Plaintiff is a natural person over 18-years-of-age who, at all times relevant, resided in the Northern District of Illinois.

**ANSWER:**      Defendant lacks knowledge or information sufficient to form a belief as to the

truth of the remaining allegations and, on that basis, denies these allegations.

5.      EGS is a debt collection agency with its principal place of business located in Horsham, Pennsylvania.

**ANSWER:**      Defendant lacks knowledge or information sufficient to form a belief as to the

truth of the remaining allegations and, on that basis, denies these allegations.

6.      EGS regularly attempts to collect debts allegedly owed by consumers residing in the State of Illinois.

**ANSWER:**      Defendant lacks knowledge or information sufficient to form a belief as to the

truth of the remaining allegations and, on that basis, denies these allegations.

7.      GCS is a debt collection agency with its principal place of business located in Houston, Texas.

**ANSWER:**      Defendant lacks knowledge or information sufficient to form a belief as to the

truth of the allegations contained in this paragraph and, on that basis, denies these

allegations.

8.      GCS regularly attempts to collect debts allegedly owed by consumers residing in the State of Illinois.

**ANSWER:**    Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph and, on that basis, denies these allegations.

      9.     First Contact is a debt collection agency with its principal place of business located in Houston, Texas.

**ANSWER:**    Defendant denies the allegations in this paragraph.

      10.    First Contact regularly attempts to collect debts allegedly owed by consumers residing in the State of Illinois.

**ANSWER:**    The allegations of this paragraph contain a legal conclusion to which no answer is required. In the event that an answer is required, Defendant denies the allegations to the extent they are inconsistent with existing law.

**FACTS SUPPORTING CAUSES OF ACTION**

      11.    In or about May 2015, Plaintiff obtained a credit card through Credit One Bank, N.A. ("Credit One").

**ANSWER:**    Defendant admits Plaintiff obtained a credit card through Credit One. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in this paragraph and, on that basis, denies these allegations.

      12.    Plaintiff incurred a debt in connection with the credit card, and, in or about June 2015, Plaintiff defaulted on the debt ("subject debt").

**ANSWER:**    Defendant admits that Plaintiff incurred a debt in connection with the credit card and, at some point, defaulted on the subject debt. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in this paragraph and, on that basis, denies these allegations.

      13.    At all times relevant, Plaintiff was the sole subscriber, owner, and operator of a cellular telephone with an assigned number ending in 5414.

3

**ANSWER:**    Defendant lacks knowledge or information sufficient to form a belief as to the

truth of the allegations contained in this paragraph and, on that basis, denies these

allegations.

14.    In June 2015, Plaintiff began receiving unknown calls to his cellular phone. The calls came from various phone numbers, including, but not limited to, the following phone numbers: (719) 696-6175, (209) 218-6013, (361) 271-1850, (725) 333-7210, (520) 230-8405, (480) 739-0926, (214) 814-2001, (206) 519-6609, (208) 908-0901, and (408) 338-0570.

**ANSWER:**    Defendant lacks knowledge or information sufficient to form a belief as to the

truth of the allegations contained in this paragraph and, on that basis, denies these

allegations.

15.    As the calls persisted, Plaintiff began to answer them to determine the identity of the caller.

**ANSWER:**    Defendant lacks knowledge or information sufficient to form a belief as to the

truth of the allegations contained in this paragraph and, on that basis, denies these

allegations.

16.    Plaintiff answered several calls, each time noting an approximate 3-second pause between the time he said "hello" and the time that a live agent engaged Plaintiff in a conversation.

**ANSWER:**    Defendant lacks knowledge or information sufficient to form a belief as to the

truth of the allegations contained in this paragraph and, on that basis, denies these

allegations.

17.    In each of the phone calls that Plaintiff answered, the caller would identify him or herself as calling from Credit One with the purpose of collecting on the subject debt. At no time did any caller identify him or herself as calling from any entity other than Credit One.

**ANSWER:**    Defendant lacks knowledge or information sufficient to form a belief as to the

truth of the allegations contained in this paragraph and, on that basis, denies these

allegations.

18.    In some of these calls, Plaintiff advised the caller that he was at work and requested that the calls cease.

**ANSWER:**    Defendant lacks knowledge or information sufficient to form a belief as to the

truth of the allegations contained in this paragraph and, on that basis, denies these

allegations.

19.    On May 23, 2016, Plaintiff filed suit against Credit One ("Credit One Bank matter").[1]

**ANSWER:**    Defendant admits the allegations in this paragraph.

20.    On July 6, 2017, in the Credit One Bank matter, Plaintiff, for the first time, finds out through the discovery process that the calls were made by third parties, namely EGS, GCS, and First Contact, the Defendants named herein.

**ANSWER:**    Defendant lacks knowledge or information sufficient to form a belief as to the

truth of the allegations contained in this paragraph and, on that basis, denies these

allegations.

21.    In sum, between June 29, 2015 and December 30, 2015; Defendants called Plaintiff 936 times.

**ANSWER:**    Defendant lacks knowledge or information sufficient to form a belief as to the

truth of the allegations contained in this paragraph and, on that basis, denies these

allegations.

22.    At least 700 calls were made after Plaintiff informed the Defendants that he was at work and to cease further calls.

---

[1] *Brantley v. Credit One Financial,* Case No. 1:16-cv-05469 is currently pending both before the Northern District Court and as part of an ongoing arbitration before the American Arbitration Association, Case No. 01-17-00000-3248.

**ANSWER:**     Defendant lacks knowledge or information sufficient to form a belief as to the

truth of the allegations contained in this paragraph and, on that basis, denies these

allegations.

23.     First Contact made 35 of the 936 calls with the majority of the calls occurring after Plaintiff asked that the calls stop.

**ANSWER:**     Defendant denies the allegations in this paragraph.

24.     GCS made 105 of the 936 calls with the majority of the calls occurring after Plaintiff asked that the calls stop.

**ANSWER:**     Defendant lacks knowledge or information sufficient to form a belief as to the

truth of the allegations contained in this paragraph and, on that basis, denies these

allegations.

25.     EGS made 796 calls of the 936 calls with the majority of the calls occurring after Plaintiff asked that the calls stop.

**ANSWER:**     Defendant lacks knowledge or information sufficient to form a belief as to the

truth of the allegations contained in this paragraph and, on that basis, denies these

allegations.

26.     All Defendants made many of the calls before 8:00 a.m. central standard time.

**ANSWER:**     Defendant denies the allegations in this paragraph.

27.     Plaintiff never provided his cellular telephone number any of the Defendants nor did he provide any of the Defendants with express consent to call him on his cellular phone.

**ANSWER:**     Defendant denies the allegations in this paragraph.

28.     First Contact made the calls using a system called aQrate, an automated telephone dialing system that is commonly used in the debt collection industry to place calls to collect outstanding debts.

**ANSWER:**     Defendant denies the allegations in this paragraph.

29.     GCS made the calls using a system called Aspect Unified UP 6.7, an automated

telephone dialing system that is commonly used in the debt collection industry to collect outstanding debts.

**ANSWER:**     Defendant lacks knowledge or information sufficient to form a belief as to the

truth of the allegations contained in this paragraph and, on that basis, denies these

allegations.

      30.    EGS made the calls using a system called Aspect Unified IP, an automated telephone dialing system that is commonly used in the debt collection industry to collect outstanding debts.

**ANSWER:**     Defendant lacks knowledge or information sufficient to form a belief as to the

truth of the allegations contained in this paragraph and, on that basis, denies these

allegations.

**DAMAGES**

      31.    Defendants harassing phone calls have severely disrupted Plaintiff's daily life and general well-being.

**ANSWER:**     Defendant denies the allegations in this paragraph.

      32.    Defendant's phone harassment campaign and illegal collection activities have caused Plaintiff actual harm, including but not limited to, invasion of privacy, nuisance, loss of subscribed minutes, intrusion upon and occupation of Plaintiff s cellular telephone capacity, wasting Plaintiff s time, the increased risk of personal injury resulting from the distraction caused by the phone calls, aggravation that accompanies unsolicited telephone calls, emotional distress, mental anguish, anxiety, loss of concentration, diminished value and utility of telephone equipment and telephone subscription services, the loss of battery charge, and the per-kilowatt electricity costs required to recharge his cellular telephone as a result of increased usage of his telephone services.

**ANSWER:**     Defendant denies the allegations in this paragraph.

      33.    In addition, each time Defendant placed a telephone call to Plaintiff, Defendants occupied Plaintiff s telephone number such that Plaintiff was unable to receive other phone calls.

**ANSWER:**     Defendant denies the allegations in this paragraph.

      34.    Concerned about the violations of his rights and invasion of his privacy, Plaintiff was forced to seek the assistance of counsel to file the instant action.

7

**ANSWER:**      Defendant denies the allegations in this paragraph.

### COUNT I - VIOLATIONS OF THE TELEPHONE CONSUMER PROTECTION ACT
### (AGAINST EGS)

Count I is not directed towards defendant First Contact LLC, and thus no answer is required.

### COUNT II-VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT
### (AGAINST EGS)

Count II is not directed towards defendant First Contact LLC, and thus no answer is required.

### COUNT III - VIOLATIONS OF THE TELEPHONE CONSUMER PROTECTION ACT
### (AGAINST GCS)

Count III is not directed towards defendant First Contact LLC, and thus no answer is

required.

### COUNT IV -VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT
### (AGAINST GCS)

Count IV is not directed towards defendant First Contact LLC, and thus no answer is required.

### COUNT V - VIOLATIONS OF THE TELEPHONE CONSUMER PROTECTION ACT
### (AGAINST FIRST CONTACT)

109.     Plaintiff restates and realleges paragraphs 1 through 34 as though fully set forth herein.

**ANSWER:**      Defendant incorporates by reference its answers to paragraphs 1 through 34.

110.     First Contact placed or caused to be placed non-emergency calls, including but not limited to the calls referenced above, to Plaintiff's cellular telephone using an automatic telephone dialing system ("ATDS") without her prior consent in violation of 47 U.S.C. §227(b)(l)(A)(iii).

**ANSWER:**      Defendant denies the allegations contained in this paragraph.

111.     The TCPA defines ATDS as "equipment which has the capacity...to store or produce telephone numbers to be called, using a random or sequential number generator; and to dial such numbers." 47 U.S.C. §227(a)(1).

**ANSWER:**     Defendant admits the allegations contained in this paragraph.

112.     Based on the lack of prompt human response during the phone calls in which Plaintiff answered and information received in the Credit One Bank matter, First Contact used a predictive dialing system to place calls to Plaintiff s cellular telephone.

**ANSWER:**     Defendant lacks knowledge or information sufficient to form a belief as to the

truth of the allegations contained in this paragraph and, on that basis, denies these

allegations.

113.     "A predictive dialer is equipment that dials numbers and, when certain computer software is attached, also assists [caller] in predicting when an [agent] will be available to take calls. The hardware, when paired with certain software, has the capacity to store or produce numbers and dial those numbers at random, in sequential order, or from a database of numbers." Meyer v. Portfolio Recovery Associates, LLC, 707 F.3d 1036, 1043 (9th Cir. 2012).

**ANSWER:**     Defendant admits that this paragraph purports to quote a portion of the cited

decision, but Plaintiff has altered the quote and its meaning. Defendant denies that the

quoted portion of the decision has any application here, and further denies that these

allegations are a fair or complete summary of the relevant law.

114.     The Federal Communications Commission ("FCC") has determined that predictive dialing systems are a form of an automatic telephone dialing system. *Id*.

**ANSWER:**     Defendant admits that the decision cited in this paragraph opines that the

FCC has defined "automatic telephone dialing system" to include certain telephone

equipment that falls within the category of a "predictive dialer." Defendant denies that the

decision has any application here, and further denies that these allegations are a fair or

complete summary of the relevant law.

115.     Upon information and belief, aQrate, the predictive dialing system employed by First Contact, transfers the call to a live agent once a human voice is detected, thus resulting in a pause after the called party speaks into the phone.

**ANSWER:**     Defendant denies the allegations contained in this paragraph.

116. First Contact violated the TCPA by placing no less than 35 harassing phone calls to Plaintiff's cellular telephone from June 29, 2015 through December 30, 2015, using an ATDS without his prior express consent.

**ANSWER:** Defendant denies the allegations contained in this paragraph.

117. Moreover, Plaintiff informed First Contact that he was at work and to cease further calls to his cellular phone.

**ANSWER:** Defendant denies the allegations contained in this paragraph.

118. As pled above, Plaintiff was severely harmed by First Contact's collection calls to his cellular phone.

**ANSWER:** Defendant denies the allegations contained in this paragraph.

119. Upon information and belief, First Contact has no system in place to document and archive whether it has consent to contact consumers on their cellular phones.

**ANSWER:** Defendant denies the allegations contained in this paragraph.

120. Upon information and belief, First Contact has no policies and procedures in place to honor the requests of non-debtors that the collections calls cease.

**ANSWER:** Defendant denies the allegations contained in this paragraph.

121. Upon information and belief, First Contact knew its collection practices were in violation of the TCPA, yet continued to employ them to maximize profits.

**ANSWER:** Defendant denies the allegations contained in this paragraph.

122. First Contact acted through its agents, employees, and/or representatives at all times relevant.

**ANSWER:** Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph and, on that basis, denies these allegations.

123. Pursuant to 47 U.S.C. §227(b)(3)(B), First Contact is liable to Plaintiff for a minimum of $500 per call. Moreover, pursuant to 47 U.S.C. §227(b)(3)(C), First Contact's willful and knowing violations of the TCPA should trigger this Honorable Court's ability to triple the damages to which Plaintiff is otherwise entitled to under 47 U.S.C. §227(b)(3)(C).

**ANSWER:** Defendant denies the allegations contained in this paragraph.

## COUNT VI -VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT
### (AGAINST FIRST CONTACT)

124.    Plaintiff restates and realleges paragraphs 1 through 34 as though fully set forth herein.

**ANSWER:**    Defendant incorporates by reference its answers to paragraphs 1 through 34.

125.    Plaintiff is a "consumer" as defined by FDCPA §1692a(3).

**ANSWER:**    Defendant lacks knowledge or information sufficient to form a belief as to the

truth of the allegations contained in this paragraph and, on that basis, denies these

allegations.

126.    The subject debt in which First Contact was attempting to collect upon is a "debt" as defined by FDCPA §1692a(5) because it arises out of a transaction due or asserted to be owed or due to another for personal, family, or household purposes.

**ANSWER:**    Defendant lacks knowledge or information sufficient to form a belief as to the

truth of the allegations contained in this paragraph and, on that basis, denies these

allegations.

127.    First Contact is a "debt collector" as defined by §1692a(6) because it regularly collects debts and uses the mail and/or the telephones to collect delinquent consumer accounts.

**ANSWER:**    Defendant denies the allegations contained in this paragraph.

    a.    Violations of FDCPA §1692c(a)(1)

128.    Pursuant to §1692c(a)(1) of the FDCPA, a debt collector is prohibited from communicating with a consumer at any unusual time, either before 8:00 a.m. or after 10:00 p.m., or any place known to be inconvenient to the consumer.

**ANSWER:**    Defendant denies the allegations contained in this paragraph.

129.    First Contact called Plaintiff numerous times before 8:00 a.m.

**ANSWER:**    Defendant denies the allegations contained in this paragraph.

130.    First Contact called Plaintiff numerous times when it knew Plaintiff was at work.

**ANSWER:**     Defendant denies the allegations contained in this paragraph.

131.   First Contact violated §1692c(a)(l ) when it called Plaintiff before 8:00 a.m. and when it called while he was at work.

**ANSWER:**     Defendant denies the allegations contained in this paragraph.

  b.   Violations of FDCPA §§1692d, d(5), and d(6)

132.   Pursuant to §1692d of the FDCPA, a debt collector is prohibited from engaging "in any conduct the natural consequence of which is to harass, oppress, or abuse any person in connection with the collection of a debt."

**ANSWER:**     Defendant admits the allegations contained in this paragraph.

133.   §1692d(5) further prohibits "causing a telephone to ring or engaging any person in telephone conversation repeatedly or continuously with intent to annoy, abuse, or harass any person at the called number."

**ANSWER:**     Defendant admits the allegations contained in this paragraph.

134.   First Contact violated §§1692d and d(5) when it continuously called Plaintiff (35 times) seeking to collect upon the subject. This repeated behavior of systematically calling Plaintiff's phone in an attempt to collect on the subject was harassing and abusive.

**ANSWER:**     Defendant denies the allegations contained in this paragraph.

135.   First Contact's collection calls to Plaintiff were made with the specific intent of annoying, harassing, and abusing the Plaintiff.

**ANSWER:**     Defendant denies the allegations contained in this paragraph.

136.   §1692d(6) prohibits placing telephone calls without disclosing the identity of the caller.

**ANSWER:**     Defendant denies that these allegations are a fair or complete summary of the

relevant law.

137.   First Contact violated §1692d(6) by falsely identifying itself as "Credit One" instead of identifying itself by its real name. At no time during any communication with Plaintiff did First Contact notify Plaintiff that it was not actually Credit One but that it was merely calling on behalf of Credit One. Such conduct is deceptive and is expressly prohibited by the FDCPA.

**ANSWER:**     Defendant denies the allegations contained in this paragraph.

    c.  Violations of FDCPA §§1692e and e(11)

138.   Pursuant to §1692e of the FDCPA, a debtor collector is prohibited from making "any false, deceptive, or misleading representation" in connection with the collection of a debt.

**ANSWER:**    Defendant admits the allegations contained in this paragraph.

139.   First Contact violated §1692e by falsely representing that it was Credit One that was calling Plaintiff, when in fact, it was First Contact that was making the numerous calls.

**ANSWER:**    Defendant denies the allegations contained in this paragraph.

140.   §1692e(11) obliges a debt collector to inform the consumer of the mini-miranda warning, specifically, that the calls were from a debt collector and any information obtained could be used for the purpose of collecting the subject debt.

**ANSWER:**    Defendant admits the allegations contained in this paragraph.

141.   First Contact violated §1692e(11) when it failed to inform Plaintiff of the mini-miranda warning.

**ANSWER:**    Defendant denies the allegations contained in this paragraph.

    d.  Violations of FDCPA §§1692f

142.   Pursuant to §1692f of the FDCPA, a debt collector is prohibited from using "unfair or unconscionable means to collect or attempt to collect any debt."

**ANSWER:**    Defendant admits the allegations contained in this paragraph.

143.   First Contact violated §1692f by employing unfair and unconscionable means to attempt to collect a debt from Plaintiff by placing no less than 35 collection calls to Plaintiff's cellular phone.

**ANSWER:**    Defendant denies the allegations contained in this paragraph.

144.   First Contact unfairly and unconscionably attempted to coerce Plaintiff into paying a debt after Plaintiff had informed First Contact that he was at work and requested that the calls cease.

**ANSWER:**    Defendant denies the allegations contained in this paragraph.

145.   As pled above, Plaintiff was harmed by First Contact's unfair collection practices.

**ANSWER:**     Defendant denies the allegations contained in this paragraph.

### AFFIRMATIVE DEFENSES

1.     Defendant asserts that Plaintiff's claims are barred, in whole or in part, because Plaintiff suffered no actual damages or concrete harm.

2.     Plaintiff has failed to mitigate any claimed damages.

3.     Plaintiff's claim for an alleged violation of the Fair Debt Collection Practices Act is barred by the statute of limitations.

4.     Plaintiff's claims are barred, in whole or in part, by the doctrines of collateral estoppel and res judicata, given the arbitration ruling dated July 13, 2018, in AAA Case No. 01-17-0000-3248 (*Brantley v. Credit One Bank, N.A.*).

5.     Plaintiff expressly consented to be contacted via autodialer or prerecorded/artificial voice as part of a contractual bargained-for-exchange and he may not unilaterally revoke that consent. *Reyes v. Lincoln Auto. Fin. Servs.*, 861 F.3d 51, 53 (2d Cir. 2017).

WHEREFORE, Defendant, First Contact LLC, respectfully requests that Plaintiff's Complaint be dismissed with prejudice, the Court enter judgment in its favor and against Plaintiff, and award it any further relief the court deems just and equitable.

Respectfully submitted,

FIRST CONTACT LLC

By: /s/ Jennifer L. Majewski
    One of its attorneys

Anna-Katrina S. Christakis
Jennifer L. Majewski
Pilgrim Christakis LLP
321 North Clark Street, 26th Floor
Chicago, Illinois 60654
Ph. (312) 939-0953
Fax (312) 939-0983
jmajewski@pilgrimchristakis.com

## **CERTIFICATE OF SERVICE**

Jennifer L. Majewski, an attorney, certifies that on September 14, 2018, she electronically filed the foregoing with the Clerk of the Court using the CM/ECF system, which will send a notification to all attorneys of record.

/s/ Jennifer L. Majewski